J-S58002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OSCAR BROWN, | |
| Appellant | No. 319 WDA 2013 |

Appeal from the PCRA Order January 22, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0002628-2005;
CP-02-CR-0004588-2005

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 6, 2014**

Appellant, Oscar Brown, appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant factual and procedural history of this case is as follows. On March 27, 2006, following a three-day trial, a jury found Appellant guilty of criminal homicide, criminal attempt, aggravated assault, carrying a firearm without a license, burglary, recklessly endangering another person, criminal conspiracy, and two counts of possession of a controlled substance.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501(a), 901, 2702, 6106, 3502, 2705, 903, and 35 P.S. § 780-113(a)(16), respectively.

The conviction stems from a January 12, 2005, confrontation during which Appellant and his co-defendant shot Christopher Martine and Joshua Woy, killing Mr. Martine and seriously injuring Mr. Woy. On June 26, 2006, the trial court imposed an aggregate sentence of life imprisonment. Appellant filed a direct appeal and this Court affirmed the judgment of sentence on December 27, 2007. (*See Commonwealth v. Brown*, 945 A.2d 757 (Pa. Super. 2007) (unpublished memorandum)). Appellant did not file a petition for allowance of appeal in our Supreme Court.

On November 6, 2008, Appellant filed a first counseled PCRA petition. The PCRA court held a hearing on June 30, 2009, and issued an order denying the petition on July 29, 2009. Appellant appealed from the order to this Court, but subsequently withdrew the appeal.

On March 22, 2010, Appellant filed the underlying second counseled PCRA petition. The PCRA court held a hearing on the petition on June 21, 2012. On January 22, 2013, the court issued its order denying Appellant's petition. On February 15, 2013, Appellant filed a timely notice of appeal.

On March 9, 2013, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), the PCRA court entered an order requiring Appellant to file a concise statement of errors no later than May 7, 2013. *See* Pa.R.A.P. 1925(b). The order stated: "[A]ppellant is notified that . . . any issue not properly included in the Statement timely filed and served pursuant to Pa.R.[A.]P. 1925(b) shall be deemed waived[.]" (Concise Statement Order, 3/09/13, at 1). On March 26, 2013, Appellant's former counsel, Thomas J.

- 2 -

Farrell, Esq., filed a petition for leave to withdraw because Appellant had retained current counsel, Ralph D. Karsh, Esq. On April 2, 2013, this Court issued a *per curiam* order noting Mr. Karch's entry of appearance in this case and excusing Mr. Farrell from representation. On May 7, 2013, Appellant, through counsel, filed a motion requesting a one-week extension of time to file the Rule 1925(b) statement. On that same date, the PCRA court entered an order granting Appellant's motion, and directed him to file the statement "no later than May 31, 2013." (Order, 5/07/13, at 1). On June 7, 2013, Appellant, through counsel, filed an untimely Rule 1925(b) statement.[2] The trial court filed a Rule 1925(a) opinion on December 4, 2013, addressing the issues raised in Appellant's untimely concise statement. *See* Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

I.    Did the [trial] [c]ourt err in denying the claim that newly discovered evidence disclosed a *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] violation by the Commonwealth which denied Appellant his [r]ights to [d]ue [p]rocess and [c]onfrontation?

II.   Did the [trial] [c]ourt err in denying the claims that prior P.C.R.A. counsel was ineffective for withdrawing Appellant's first P.C.R.A. [a]ppeal when there was no reasonable legal strategy to do so?

_____

[2] We note that Appellant states that he filed the Rule 1925(b) statement on June 1, 2013. (*See* Appellant's Brief, at 6). However, the docket entry, time stamp, and certificate of service reflect that Appellant filed the statement on June 7, 2013. (*See* Criminal Docket, at 13; Rule 1925(b) Statement, 6/07/13; *see also* Commonwealth's Brief, at 8).

III. Did the [trial] [c]ourt err in denying the claims that prior P.C.R.A. counsel was ineffective for failing to adequately examine jail-house informant witness Bagley, who twice attempted to invoke his Fifth Amendment [r]ights to avoid perjuring himself at the [e]videntiary [h]earing?

IV. Did the [trial] [c]ourt err in denying the claims that trial counsel was ineffective for not advising Appellant to testify as to his self-defense theory due to trial counsel's erroneous view of the evidence and the law regarding self-defense, thereby violating the Sixth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution?

(Appellant's Brief, at 4).

"On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record." ***Commonwealth v. Boyer***, 962 A.2d 1213, 1215 (Pa. Super. 2008) (citation omitted).

Before analyzing the issues in Appellant's brief, we must determine whether he properly preserved them for our review, as required by Rule 1925(b). Rule 1925(b) provides, in relevant part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.— If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\* \* \*

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. . . . In

extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

4) *Requirements; waiver.*

\* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(2),(3),(4)(vii).

An *en banc* panel of this Court recently stated:

Our Supreme Court intended the holding in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)] to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." **Commonwealth v. Schofield**, . . . 888 A.2d 771, 774 ([Pa.] 2005) (emphasis added); *see also* [**Commonwealth v.**] **Castillo**, 888 A.2d [775, 780 (Pa. 2005)]. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for

inconsistent results that existed prior to *Lord*, when . . . appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." ***Id.*** Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.

\* \* \*

Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b) the appellant **must** comply in a timely manner.

***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*) (emphases in original) (some citations and quotation marks omitted); ***see id.*** at 227 (holding that this Court cannot address merits of issues on appeal where appellant failed to comply timely with trial court's order directing filing of Rule 1925(b) statement).

Here, the record reflects that, on March 9, 2013, the PCRA court issued an order in technical compliance with Rule 1925(b) requiring Appellant to file a statement "[n]o later than May 7, 2013[.]" (Order, 3/09/13, at 1). The order provided "[A]ppellant is notified that . . . any issue not properly included in the Statement **timely** filed and served pursuant to Pa.R.[A.]P. 1925(b) shall be deemed waived." (***Id.***) (emphasis added). On May 7, 2013, the date that the Rule 1925(b) statement was

due, Appellant, through counsel, requested a one-week extension to file it. The court granted the extension and ordered Appellant to file it "no later than May 31, 2013." (Order, 5/07/13, at 1). Appellant filed his untimely statement on June 7, 2013.

Based on this record, we conclude that Appellant failed to comply with the minimal requirements of Rule 1925(b), and that, consequently, he has waived all of his issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Greater Erie Indus. Dev. Corp.*, *supra* at 224. Accordingly, we may not address the merits of those issues. *See Greater Erie Indus. Dev. Corp.*, *supra* at 224-25, 227.[3]

_____

[3] We recognize that our Rules of Appellate Procedure provide for limited instances in which appellate courts may remand criminal cases to trial courts in order to cure defects in Rule 1925 statements. In relevant part, Pa.R.A.P. 1925(c) permits appellate courts in criminal cases to remand in the following three circumstances related to the filing of Rule 1925(b) statements:

> (1) An appellate court may remand [in a criminal case] for a determination as to whether a Statement has been filed and/or served or timely filed and/or served.
>
> *     *     *
>
> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.
>
> (4) In a criminal case . . . [where counsel filed an *Anders/McClendon* brief] in lieu of filing a Statement [and] upon review of the *Anders/McClendon* brief, the appellate

*(Footnote Continued Next Page)*

Order affirmed.

Gantman, P.J., joins the Memorandum.

Bender, P.J.E., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014

---

*(Footnote Continued)* ─────────────

court believes that there are arguably meritorious issues for review[.] . . .

Pa.R.A.P. 1925(c)(1), (3)-(4). None of these circumstances is applicable in the present case. With respect to Pa.R.A.P. 1925(c)(1), the record reflects that Appellant's Rule 1925(b) statement was not timely filed. With regard to Pa.R.A.P. 1925(c)(3), the official note to the rule makes clear that remand is available "only when the appellant has completely failed to respond to an order to file a Statement. . . . [W]hen waiver occurs due to the improper filing of a Statement . . . relief may occur only through the post-conviction relief process[.]" Pa.R.A.P. 1925(c)(3), Note. Here, Appellant has not completely failed to respond to the court's order to file a Rule 1925(b) statement. Finally, with respect to Pa.R.A.P. 1925(c)(4), counsel is privately retained and has not filed an ***Anders/McClendon*** brief. Therefore, remand is not available in the instant case.