J-S51042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHELDON BLAIR CULBREATH, | |
| Appellant | No. 372 EDA 2016 |

Appeal from the PCRA Order December 30, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at Nos.: CP-46-CR-0001996-1982
CP-46-CR-0002579-1976

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED AUGUST 05, 2016**

Appellant, Sheldon Blair Culbreath, appeals *pro se* from the order dismissing his serial petition filed at the above-referenced docket numbers pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  Appellant is ineligible for PCRA relief.  We affirm.

This matter has a protracted history dating back to 1976.  We set forth only the most salient facts necessary for disposition of this appeal.[2]  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court's order is dated December 29, 2015, but was filed on December 30, 2015.  We have amended the caption accordingly.

[2] We take some of the early dates from a prior memorandum of this Court and from the Commonwealth's brief because our efforts to obtain a complete docket from the trial court were unsuccessful. (***See Commonwealth v.***
*(Footnote Continued Next Page)*

December 9, 1976, at Docket No. 2579-1976, Appellant pleaded guilty to various drug-related offenses. Following sentencing, he obtained collateral relief and withdrew his plea. On October 29, 1985, he entered a new negotiated plea, and the trial court sentenced him to a term of not less than one nor more than five years' incarceration. He did not file a direct appeal, but filed multiple unsuccessful PCRA petitions.

On October 13, 1982, at Docket No. 1996-1982, Appellant entered a negotiated guilty plea to various drug-related offenses. The court sentenced him to a term of not less than ten nor more than thirty years' incarceration. He did not file a direct appeal, but filed multiple PCRA petitions.

On October 21, 2015, Appellant filed the instant *pro se* petition, styled as a "petition for writ of *habeas corpus ad subjiciendum*." In it, he alleged that his sentence at Docket No. 2579-1976 is illegal, and requested that the court "change the illegal sentence that he is currently serving to reflect time credit for the 30 months that [he] spent in custody and was not credited with." (PCRA Petition, 10/21/15, at unnumbered page 2 ¶ 8). The court treated the filing as a PCRA petition, and dismissed it without a hearing on December 30, 2015, after issuing notice of its intent to do so. **See** Pa.R.Crim.P. 907(1). The court indicated that it was dismissing the petition because Appellant is no longer serving a sentence at Docket Nos. 2579-1976

_____
*(Footnote Continued)*

**Culbreath**, No. 2352 EDA 2009, unpublished memorandum at *1-2 (Pa. Super. filed Mar. 17, 2010); Commonwealth's Brief, at 2).

or 1996-1982. (**See** Rule 907 Notice, 12/03/15, at 1-2 ¶¶ 1-3). Appellant filed this timely appeal[3] from the PCRA court's order. However, he is no longer eligible for relief.[4]

Preliminarily, we address Appellant's claim that the PCRA court erred in treating his filing as a PCRA petition. (**See** Appellant's Brief, at 6). "[This Court has] repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). A claim challenging the legality of a sentence is cognizable under the PCRA. **See id.**; **see also** 42 Pa.C.S.A. § 9542. Thus, the court properly treated Appellant's filing challenging the legality of his sentence as a PCRA petition.

Section 9543 of the PCRA provides that, for a petitioner to be eligible for relief, he must prove that he "**is at the time relief is granted . . . currently serving a sentence** of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). "As soon as his

---

[3] Appellant's *pro se* notice of appeal, docketed after the applicable deadline of January 29, 2016, was timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Brandon**, 51 A.3d 231, 234 n.5 (Pa. Super. 2012). The notice is dated January 25, 2016, and the associated envelope is postmarked January 29, 2016. (**See** Notice of Appeal, 1/25/16).

[4] "On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record." **Commonwealth v. Boyer**, 962 A.2d 1213, 1215 (Pa. Super. 2008) (citation omitted).

sentence is completed, the petitioner becomes ineligible for relief[.]"
***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009),
*appeal denied*, 990 A.2d 730 (Pa. 2010) (citations omitted).

Here, Appellant is no longer serving his sentence at the above-referenced docket numbers.[5] Therefore, he is not eligible for PCRA relief. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2016

---

[5] Appellant is serving a sentence in an unrelated case, at Docket No. 6474-1996. (***See*** Rule 907 Notice, at 2 ¶ 3).

- 4 -