J-S82042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRADLEY OLIVER, | |
| Appellant | No. 846 MDA 2016 |

Appeal from the PCRA Order April 27, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0000253-1996

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:          **FILED DECEMBER 15, 2016**

Appellant, Bradley Oliver, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We vacate the order of the PCRA court, and remand for the appointment of counsel and further proceedings.

The relevant facts and procedural history of this case are as follows. On August 13, 1996, a jury convicted Appellant of four counts each of involuntary deviate sexual intercourse, indecent assault, and corruption of minors, and one count of aggravated indecent assault.[1]  On September 18, 1996, the trial court sentenced Appellant to an aggregate term of not less

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123, 3126, 6301, and 3125, respectively.

than thirty-two nor more than 130 years' incarceration. Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on May 5, 1998. (*See Commonwealth v. Oliver*, 718 A.2d 860 (Pa. Super. 1998) (unpublished memorandum)). Our Supreme Court denied Appellant's petition for allowance of appeal on September 30, 1998. (*See Commonwealth v. Oliver*, 727 A.2d 1119 (Pa. 1998)).

On December 2, 2015, Appellant filed the instant first PCRA petition *pro se*. The PCRA court did not appoint counsel, but instead entered a memorandum opinion and order notifying Appellant of its intention to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. *See* Pa.R.Crim.P. 907. Appellant did not respond. The PCRA court entered its order dismissing Appellant's PCRA petition as untimely on April 27, 2016. This timely appeal followed.[2]

"On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record." *Commonwealth v. Boyer*, 962 A.2d 1213, 1215 (Pa. Super. 2008) (citation omitted). It is well-settled that a PCRA petitioner is entitled to the appointment of counsel for his or her first petition, even if it appears

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). It filed a statement in lieu of a Rule 1925(a) opinion on July 7, 2016, indicating that Appellant's PCRA petition is untimely, and he failed to establish the applicability of any of the three exceptions to the PCRA's time-bar. *See* Pa.R.A.P. 1925(a); (PCRA Court Opinion, 7/07/16, at unnumbered pages 1-2).

untimely on its face. **See** Pa.R.Crim.P. 904(C); **Commonwealth v. Stout**, 978 A.2d 984, 988 (Pa. Super. 2009). Additionally, this Court has held "where [a] . . . first-time PCRA petitioner was denied his right to counsel . . . this Court is required to . . . remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Here, the record reflects that this was Appellant's first PCRA petition and the PCRA court failed to appoint counsel as required by Rule 904(C) and the case law of this Commonwealth. Accordingly, we vacate the PCRA court's order dismissing the petition, and remand the case with instructions, consistent with this judgment order.

Order vacated; case remanded for further proceedings consistent with this Judgment Order. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2016