J-S82038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELIEZER PEREZ, | : | |
| | : | |
| Appellant | : | No. 989 WDA 2017 |

Appeal from the PCRA Order June 13, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001691-2015
CP-25-CR-0001700-2015

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 6, 2018**

Eliezer Perez (Appellant) appeals from the order entered June 13, 2017, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

> On November 3, 2015, [Appellant] pled guilty to charges at two separate docket numbers for crimes stemming from his kidnapping, terrorizing, and sexually assaulting his [15-year-old step-daughter] in a stolen car. At docket number 1691 of 2015, [Appellant] pled guilty to involuntary indeviate sexual intercourse, unlawful restraint, indecent assault (2 counts)[,] and corruption of minors. In exchange, the Commonwealth *nolle prossed* counts of kidnapping, indecent exposure, simple assault, and indecent assault. At docket number 1700 of 2015, [Appellant] pled guilty to an amended charge of unauthorized use of a motor vehicle in exchange for the *nolle pros* of counts of receiving stolen property, driving a vehicle while license revoked or suspended[,] and theft by unlawful taking. [Appellant's] maximum combined sentencing exposure under both dockets, pursuant to the plea agreement, was 46 years' incarceration and an $85,000 fine. On February 10,

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

2016, [Appellant] was given an aggregate sentence at both dockets to [7 years and 8 months to 27 years of incarceration]. No post-sentence motion was filed. No direct appeal was filed.

PCRA Court Opinion, 5/23/2017, at 1-2.

On December 19, 2016, Appellant timely filed a counseled PCRA petition.[1] After conducting an evidentiary hearing, the PCRA court notified Appellant that it intended to dismiss his petition.[2] By order of June 13, 2017, the PCRA court dismissed Appellant's PCRA petition. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant alleges that plea counsel is responsible for his entering an unknowing and involuntary plea. Specifically, Appellant contends that plea counsel told him if he pled guilty, he would receive a sentence of two to five years of incarceration, and counsel's statement induced Appellant to plead guilty where he would not have otherwise. Appellant's Brief at 2, 5.

---

[1] In its May 23, 2017, and June 13, 2017 orders, the PCRA court stated that Appellant *pro se* filed his PCRA petition and counsel later filed a supplemental petition. According to the docket, however, Appellant filed only one petition, which was filed through counsel.

[2] The PCRA court stated it was issuing the notice of intent to dismiss pursuant to Pa.R.Crim.P. 907(1), but that rule applies only to dispositions of petitions without a hearing. Rule 908, which applies to decisions following evidentiary hearings, does not require the court to notify the petitioner of its intent to dismiss the petition. Pa.R.Crim.R.P. 908(D)(1) ("If the judge dismisses the petition, the judge promptly shall issue an order denying relief. The order shall be filed and served as provided in Rule 114.").

"On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record." *Commonwealth v. Boyer,* 962 A.2d 1213, 1215 (Pa. Super. 2008). Because Appellant challenges the actions of plea counsel, we observe the following.

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [42 Pa.C.S. § 9543(a)(2)(ii),] not the [sub]section specifically governing guilty pleas [42 Pa.C.S. § 9543(a)(2)(iii)]." *Commonwealth v. Lynch*, 820 A.2d 728, 730 n.2 (Pa. Super. 2003).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

- 3 -

> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-93 (Pa. Super. 2013) (citations and quotation marks omitted).

In the instant case, after an evidentiary hearing and review of the record, the PCRA court determined that Appellant had entered his plea knowingly and voluntarily. Specifically, the PCRA court rejected Appellant's testimony that his plea counsel, Anthony Rodriguez, Esquire, told him that he would receive only two-to-five years of incarceration if he pled guilty; instead, the PCRA court believed plea counsel's testimony that he never made such a promise or representation. Notice of Intent to Dismiss, 5/23/2017, at 3-6.

Appellant argues that the PCRA court erred by finding Attorney Rodriguez's testimony to be more credible than the testimony of Appellant. Appellant's Brief at 9. Appellant notes that his testimony was consistent with the testimony of his cousin, who hired Attorney Rodriguez on Appellant's behalf. *Id.* Appellant contends the PCRA court erred by rejecting Appellant's detailed testimony in favor of Attorney Rodriguez's self-serving testimony. *Id.*

Appellant's argument fails. "The law is clear that we are bound by the credibility determinations of the PCRA court, where such findings have support in the record." *Commonwealth v. Clark*, 961 A.2d 80, 87 (Pa. 2008). Here,

Attorney Rodriguez testified that not only did he not specifically promise Appellant that he would receive a two-to-five year sentence, he never even suggested that such a sentence would be possible based upon the severity of Appellant's pending charges. N.T., 4/18/2017, at 51, 53-54, 60-61. The PCRA court found this testimony to be credible compared to the testimony of Appellant and his cousin, who both testified that Attorney Rodriguez told them Appellant would receive a two-to-five year sentence if Appellant pled guilty, notwithstanding Appellant's maximum exposure to 46 years of incarceration. Notice of Intent to Dismiss, 5/23/2017, at 3. The PCRA court also credited Attorney Rodriguez's testimony that neither Appellant nor his cousin contacted Attorney Rodriguez to ask questions or to request that he file a post-sentence motion or appeal, which the PCRA court found to be significant given the disparity between the sentence Appellant received and the sentence Appellant and his cousin allegedly were expecting. *Id.*; N.T., 4/18/2017, at 55-56.

Moreover, a review of Appellant's plea colloquy belies his claim that he believed he would be receiving a two-to-five year sentence if he pled guilty. During his oral plea colloquy, Appellant stated that he was not promised any type of sentence in exchange for entering the plea; he was satisfied with his legal representation; and he understood that he was facing the possibility of going to jail for 46 years if he pled guilty. N.T., 11/3/2015, at 16-18.

Thus, because the evidence in the record supports the PCRA court's finding that Attorney Rodriguez did not promise Appellant a specific sentence

- 5 -

if he pled guilty, Appellant's claim that Attorney Rodriguez rendered ineffective assistance of counsel has no merit. Therefore, the PCRA court did not err by dismissing Appellant's PCRA petition due to Appellant's failure to meet his burden in demonstrating plea counsel's ineffectiveness. Accordingly, we affirm the order of the PCRA court denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2018