J-S30014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 3223 EDA 2017 |

Appeal from the PCRA Order August 25, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002078-2012

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 02, 2019**

A jury convicted Appellant, Carlos Rodriguez, of attempted murder and other crimes arising from allegations that Rodriguez shot Enrique Inclan.  In his Post Conviction Relief Act petition, Rodriguez claims that his trial counsel was ineffective when he abandoned a proposed alibi defense at trial. Rodriguez asserts that his childhood friend, Raymond Adorno, was prepared to testify that he was with Rodriguez in New York City at the time of the shooting.  In relevant part, the PCRA court found that trial counsel made a reasonable strategic decision to abandon the alibi defense.  We conclude the PCRA court's finding was not an abuse of discretion, and therefore affirm.

As summarized by the PCRA court:

On October 24, 2011, the Complainant, Enrique Inclan, went to the 2900 block of B Street in Philadelphia to visit his friends. Inclan saw [Rodriguez] and walked over to shake his hand. [Rodriguez] tried to grab Inclan and a fist fight ensued.  Inclan

tried to escape, but others began to fight him. [Rodriguez] then pulled out a gun and shot Inclan nine times. The police rushed Inclan to Temple University Hospital. At the hospital, Inclan gave the police an orally recorded statement because he was unable to write. Inclan also identified [Rodriguez] in a photograph and told police that [Rodriguez] shot him.

PCRA Court Opinion, filed 4/16/18, at 2.

The police arrested Rodriguez on November 10, 2011. On September 27, 2013, a jury found Rodriguez guilty of attempted murder, graded as a first degree felony, aggravated assault, a second degree felony, carrying firearms without a license, a third degree felony, and possession of an instrument of crime, a first degree misdemeanor.[1] On December 13, 2013, the trial court sentenced Rodriguez to an aggregate term of 22 to 44 years' imprisonment and 5 years of probation thereafter. *See id*., at 1.

We affirmed Rodriguez's judgment of sentence on July 6, 2015, and Rodriguez did not seek any further review. Rodriguez filed a timely, first PCRA petition. The PCRA court provided Rodriguez with an evidentiary hearing, but dismissed his petition on August 25, 2017. Rodriguez subsequently filed this timely appeal.

In his appeal, Rodriguez raises one question for our consideration:

1) After allowing a bias[ed] and self[-]motivated co-defendant to work as part of his defense team did the trial court err in denying [Rodriguez] relief under the [PCRA] by finding trial counsel was effective?

_____

[1] 18 Pa.C.S.A. § 901(a); 18 Pa.C.S.A. § 2702(a); 18 Pa.C.S.A. 6106(a)(1); and 18 Pa.C.S.A. § 907(a), respectively.

Rodriguez's Brief, at 7.

Preliminarily, we note that "[o]n review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record." **Commonwealth v. Boyer**, 962 A.2d 1213, 1215 (Pa. Super. 2008). Further, when reviewing a PCRA order, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (citation omitted). Accordingly, we afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id**. (citation omitted).

Rodriguez contends the PCRA court erred in finding no merit to his claim that trial counsel was ineffective. We observe that:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

**Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). "The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these pongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness." **Id**. (citations omitted). "To sustain a claim of ineffectiveness, counsel's approach must be so unreasonable that no competent lawyer would have

- 3 -

chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation and quotation marks omitted).

The gravamen of Rodriguez's argument is that his trial counsel was ineffective when he abandoned an alibi defense. It is undisputed that trial counsel was aware that Raymond Adorno was willing and able to testify in support of an alibi defense. Adorno was willing to testify that he was with Rodriguez in New York City delivering items to a recycling center at the time of the shooting. ***See*** Affidavit of Raymond Adorno, 12/23/13, at ¶¶ 15-18. According to Rodriguez, he was not advised that abandonment of this defense would occur, and trial counsel expended no effort to corroborate anything stated by Adorno.

Further, Rodriguez takes issue with trial counsel's utilization of Rodriguez's girlfriend and codefendant Gretchen Burgos as a translator for Adorno, as Adorno does not speak English. Rodriguez points to the fact that Burgos was charged with various crimes stemming from the October 24 shooting, thus at least raising questions associated with her motive and credibility in her capacity as translator.[2]

We observe that the only assignment of error contained in Rodriguez's Pa.R.A.P. 1925(b) statement is that "the court erred in its finding that trial

---

[2] The use of Burgos as a translator is contradicted by the record. ***See*** N.T., 4/21/17, at 73-74 (identifying that Adorno brought a man to the trial counsel's office to operate as a translator for the conversation between Adorno and the attorney).

- 4 -

counsel was [not] ineffective in his representation of [Rodriguez] by failing to adequately investigate, develop and present the alibi defense which effectively left [Rodriguez] with no defense." This assignment cannot be said to fairly encompass the possible bias of Burgos or her use as a translator. Therefore, Rodriguez has waived these arguments. **See Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002).

Turning to the merits of his remaining argument, we note that the PCRA court found Rodriguez unable to satisfy any of the three ineffective assistance prongs outlined in **Franklin**, **supra**.[3]

Assuming without actually finding that Rodriguez's alibi defense has merit, we agree with the PCRA court that he failed to establish that trial counsel did not have a reasonable strategic basis for his decision to abandon the alibi defense. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Roney**, 79 A.3d 595, 603 (Pa. 2013).

---

[3] Rodriguez has, too, arguably waived review of this issue, given that there is nothing related to the alibi defense contained within his statement of questions involved. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). In the interest of completeness, however, we find his ineffective assistance argument "fairly suggested" and decline to find waiver.

It is undisputed that Rodriguez's initial trial counsel, Daniel McGarrigle, Esquire, was the only person to have interviewed Adorno.[4]  ***See*** Appellant's Brief, at 9; Appellee's Brief, at 3.   However, McGarrigle became ill, so subsequent trial counsel, a coworker of McGarrigle, "assumed this case."  N.T., 6/29/17, at 19.  McGarrigle did not believe that Adorno was telling the truth, in part due to a lack of detail in the statements Adorno made to McGarrigle. ***See id***., at 13.

Rodriguez's trial counsel also described in detail why he did not use Adorno as a witness:

> [Trial counsel's] decision not to use the alibi witness[] was made, one, by the statement that we knew that Ms. Burgos had given to the police [placing Rodriguez at the scene of the crimes]; two, through the interviews that … Mr. Garrigle did of [Adorno], and his concerns; three, [Adorno's] lack of any corroboration to support [Rodriguez's] alibi that he was … traveling in New York in a truck.  In fact, [trial counsel did not] think [Adorno] could provide any corroboration that they were actually, themselves, traveling.
>
> And then, lastly, [trial counsel was] sure that Mr. Rodriguez and [trial counsel] would have discussed this when [trial counsel] met with him before trial, and he must not have offered [trial counsel] any other reason to call [Adorno] to sway that opinion that [Adorno] would be [a] valid alibi witness[].

***Id***., at 28.  The PCRA court found these reasons to be credible.

Further, bolstered by the belief that Adorno was not telling the truth in his uncorroborated assertions, trial counsel did not want to suborn perjury,

---

[4] Rodriguez has not identified any authority establishing that trial counsel cannot delegate the task of interviewing the witness to another agent.

especially in light of Burgos's statements placing Rodriguez at the crime scene. *See id*., at 16-17. Trial counsel was also worried that the conflict between Burgos's statements and Adorno's statements could become problematic for Rodriguez, as Burgos could then be called to explain the discrepancies between Adorno's and Burgos's discordant accounts of Rodriguez's location. And, as stated *supra*, trial counsel apprised Rodriguez of all of this information and at no point did he object to trial counsel's course of action or refusal to call Adorno. *See id*., at 15-16.

We defer to the PCRA court's credibility determinations and further add that the record unearths no basis to conclude that trial counsel acted unreasonably in failing to call Adorno as an alibi witness. In essence, counsel believed Adorno's testimony was defective and could have exposed Rodriguez to a much greater harm if it would have been presented, given the existence of Burgos's contradictory statements. *See Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011) (indicating that "counsel's chosen strategy lack[s] a reasonable basis only if Appellant proves 'that an alternative not chosen offered a potential for success substantially greater than the course actually pursued'"). As such, we conclude that the PCRA court did not err in concluding Rodriguez had failed to establish this prong of his ineffectiveness claim. Rodriguez is due no relief on his argument on appeal.

As we find that Rodriguez has failed to satisfy the second prong necessary to make out an ineffective assistance of counsel claim, we affirm the PCRA court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/19