J. A26030/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAYMEIR JYALEL HAYNES, | : | No. 518 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered February 19, 2015,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0004908-2012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 21, 2015**

Raymeir Jyalel Haynes appeals, ***pro se***, from the order filed in the Court of Common Pleas of Dauphin County which dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

On March 10, 2012, appellant, Vidal Little, and Adrian Collins entered the EZ Discount Store located at South 17th Street and Market Street in Harrisburg.  The three individuals held two employees of the store at gunpoint, and demanded cash from the register.  The threesome made off with several hundred dollars.  No one was harmed during the course of the robbery.  The entire episode was caught on surveillance tape.  Upon reviewing the tape, the appellant was identified by police officers and arrested.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant was charged with robbery--threat of immediate serious bodily injury (a first-degree felony), conspiracy to commit robbery, firearms not to be carried without a license, and possession of a firearm prohibited.[1] On September 10, 2013, appellant entered into a negotiated plea agreement wherein he agreed to plead guilty in exchange for a sentence of 8 to 16 years of imprisonment, followed by 4 years of probation.[2] Following a guilty plea and sentencing hearing held on September 10, 2013, the trial court accepted the plea agreement and imposed the above-stated sentence. Appellant filed post-sentence motions which were denied as untimely. No direct appeal was taken.

On August 20, 2014, appellant filed a timely *pro se* PCRA petition. On September 4, 2014, PCRA counsel was appointed to represent appellant. On October 21, 2014, counsel filed a ***Turner*/*Finley***[3] "No Merit" letter and a

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(c), 6106(a)(1), and 6105(a)(1), respectively.

[2] The record shows that when he entered his guilty plea, appellant faced one count of murder and conspiracy to commit robbery in an unrelated case docketed at 2053 C.D. 2012, during which he was charged, along with co-defendant, Adrian Collins, in connection with the killing of a cab driver. (Transcript of proceedings guilty plea and sentencing, 9/10/13 at 3-5.) Appellant's co-defendant, Collins, had already been convicted of first-degree murder and sentenced to life imprisonment. The Commonwealth agreed, "following the testimony presented at the co-defendant's trial," that in exchange for appellant's negotiated guilty plea in this case, the Commonwealth would withdraw the murder and conspiracy to commit robbery charges at No. 2053 C.D. 2012. (**Id.** at 4.)

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

petition to withdraw. On November 20, 2014, the PCRA court filed its notice of intent to dismiss within 20 days. On December 11, 2014, appellant filed a supplemental *pro se* PCRA petition. On February 19, 2015, the PCRA court filed an order dismissing the PCRA petition without a hearing and granting counsel permission to withdraw.

Appellant raises the following issues on appeal:

1. Whether the PCRA court committed error by dismissing the PCRA petition for lack of merit and without conducting an evidentiary hearing on ineffective assistance of counsel claim of errors where counsel;

   (A) Advised appellant to enter the guilty plea under duress for crimes he did not commit,

   (B) Counsel failed to explain the elements of the crime, and,

   (C) Counsel misadvised appellant mandatory sentences applied to each charge if appellant went to trial?

2. Whether the appellant's untimely post-sentence motion filed pro-se should have been treated as a first PCRA petition requiring a remand to the PCRA court for appointment of new counsel and the filing of a[n] amended PCRA petition?

3. Whether this case should be remanded to the PCRA court for appointment of new counsel and an evidentiary hearing?

Appellant's brief at 4.

The standard of review of a PCRA court's dismissal of a PCRA petition is limited to a determination of whether the PCRA court's conclusion is supported by the evidence of record and free of legal error. *Commonwealth v. Boyer*, 962 A.2d 1213, 1214 (Pa.Super. 2008).

The PCRA provides relief for petitioners whose convictions resulted from ineffectiveness of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). In reviewing a claim of ineffective assistance of counsel, the reviewing court must begin with the presumption that trial counsel rendered effective assistance. *Commonwealth v. Chimiel*, 30 A.3d 1111, 1127 (Pa.Super. 2011). To obtain relief on an ineffective assistance of counsel claim, the petitioner must demonstrate the following: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987); *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super. 2008).

The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.
>
> Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super. 2013) (citations, quotation marks, and footnote omitted).

In his first issue, appellant argues that trial counsel was ineffective during the guilty plea stage for misadvising him that mandatory minimum sentences for offenses committed with firearms, imposed at Section 9712 of the Sentencing Code, 42 Pa.C.S.A. § 9712, would apply to the robbery and conspiracy to commit robbery charges if he went to trial.[4]

At the guilty plea and sentencing hearing, appellant was informed by the Commonwealth:

> [Assistant District Attorney John C. Baer]: One thing that is not on your colloquy form that I need to inform you of. We are alleging that those two crimes, the robbery and conspiracy, were committed with a firearm.

---

[4] We have rearranged the order of appellant's issues for ease of disposition.

> When you do that, that carries a mandatory 60-month or 5-year sentence. So you have exposure to, at Counts 1 and 2, a 5-year mandatory sentence. Do you understand that?
>
> DEFENDANT: (No verbal response)
>
> [Assistant District Attorney John C. Baer]: You have to say yes or no.
>
> DEFENDANT: Yes.
>
> [Assistant District Attorney John C. Baer]: Obviously, under the terms of the plea agreement you are not going to get those one on top of the other, but you understand that you are exposed to that mandatory?
>
> DEFENDANT: Okay.

Transcript, 9/10/13 at 8.

Appellant contends that his trial counsel should have informed him that mandatory minimum sentence enhancements were unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013) (facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt). He claims he was led to believe that he could face mandatory minimum sentences of 5 years each on the robbery and conspiracy to commit robbery charges if he went to trial and was convicted. He argues that there is a reasonable probability that he would not have agreed to an 8-year minimum sentence if he was not facing a 10-year mandatory minimum sentence and would have opted to go to trial had his counsel provided sound advice.

The Commonwealth contends that trial counsel was not ineffective because this court did not hold that mandatory sentencing imposed under Section 9712 of the Sentencing Code was unconstitutional until October 3, 2014, in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014), and appellant's guilty plea was on September 10, 2013.

Recently, in **Commonwealth v. Melendez-Negron**, 2015 WL 5657130 (Pa.Super. September 25, 2015), this court rejected an identical argument raised by the Commonwealth. There, Jose Melendez-Negron was arrested and charged with, **inter alia**, possession with intent to deliver ("PWID"). At the time of his arrest, he was in possession of a firearm. The Commonwealth gave notice of its intention to invoke the mandatory minimum sentence provision at Section 9712. On November 15, 2013, Melendez-Negron entered a negotiated plea to PWID and the other charges. He was sentenced to 5 to 10 years of incarceration. Melendez-Negron did not file a direct appeal. He filed a PCRA petition and alleged that counsel was ineffective for allowing Melendez-Negron to plead guilty and agree to a sentence based on the mandatory minimum sentencing enhancement. The PCRA court agreed and vacated his sentence and ordered that he be resentenced. The Commonwealth appealed. The Commonwealth argued, among other things, that no Pennsylvania appellate court had addressed the constitutionality of Section 9712 at the time, and therefore, counsel "cannot

be deemed ineffective for failing to predict the changes or developments in the law." **Id.** at *2. This court disagreed and held:

> Upon the issuance of the **Alleyne** decision in June 2013, Counsel was on notice that the constitutionality of such sentencing enhancement was in question. There can be no reasonable basis for Counsel's failure to recognize this and to advise Melendez-Negron to reject a plea agreement that incorporated a sentence based upon § 9712 a.1. This is so especially in light of the fact that application of § 9712 a.1 resulted in a sentence that was more than double the aggravated range sentence Melendez-Negron would have faced. In a situation such as this, where the United States Supreme Court has spoken, counsel need not wait for a pronouncement from a Pennsylvania appellate court. By raising such a claim or at least questioning the constitutionality of § 9712 a.1 during plea negotiations, Counsel would not be predicting changes in the law, as the Commonwealth contends, but rather conscientiously advancing an argument based upon the logical extension of **Alleyne** to protect his client's interests.

**Id.**

Here, appellant's guilty plea was on September 10, 2013, which was several months *after* **Alleyne** was decided on June 17, 2013. Trial counsel was on notice that the constitutionality of such sentencing enhancement was in question. Counsel was, therefore, obligated to inform appellant that he would not face two automatic 5-year minimum sentences on the robbery and conspiracy charges if he went to trial and was convicted. There was no reasonable basis for counsel's failure to recognize this and advise appellant that the Commonwealth would have to prove to a jury beyond a reasonable

doubt that appellant was, in fact, in possession of a firearm during the commission of the robbery. Because guilty plea negotiations were tainted by misinformation about sentences, appellant should be permitted to withdraw his guilty plea.[5]

Order reversed. Appellant's guilty plea is vacated. The matter is remanded for further proceedings. Jurisdiction is relinquished.[6]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2015

---

[5] However, we wish to note that when a defendant withdraws or successfully challenges his plea, the bargain is abrogated and the defendant must be prepared to accept all of the consequences which the plea originally sought to avoid. **Commonwealth v. Ward**, 425 A.2d 401, 406 (Pa. 1981), **cert. denied**, 451 U.S. 974 (1981) (reinstatement of the original charge of first-degree murder after defendant's successful revocation of his plea agreement did not violate defendant's due process rights where there was no showing of prosecutorial vindictiveness). Here, appellant faced extremely serious murder and conspiracy to commit robbery charges that were withdrawn by the Commonwealth in exchange for his guilty plea in the case **sub judice**.

[6] Because of our disposition of the first issue, we need not address appellant's remaining issues.