J-S14043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,  :   IN THE SUPERIOR COURT OF
           :        PENNSYLVANIA
      Appellee      :
           :
      v.         :
           :
GEORGE DOWER-HINTON,      :
           :
      Appellant    :   No. 1699 MDA 2016

Appeal from the PCRA Order September 15, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001120-2013.

BEFORE:  GANTMAN, P.J., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED MAY 17, 2017**

George Dower-Hinton (Appellant) appeals from the order entered September 15, 2016, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.[1]

On November 18, 2013, Appellant pled guilty to third-degree murder.[2] Appellant's plea was entered pursuant to a negotiated plea agreement, whereby Appellant and the Commonwealth agreed Appellant would receive a minimum sentence of between nine and 18 years of incarceration but left the maximum sentence to the discretion of the sentencing court.  On March 19, 2014, Appellant was sentenced to a term of 12½ to 25 years of

---

[1] Appellant's Application for Leave to Discontinue Appeal is denied as moot.

[2] 18 Pa.C.S. § 2502(c).

* Retired Senior Judge assigned to the Superior Court.

incarceration. Appellant did not file post-sentence motions or a direct appeal.

On March 13, 2015, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed, an amended petition was filed, and an evidentiary hearing was held. By order of September 15, 2016, the PCRA court denied Appellant's PCRA petition. Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925, and Appellant did not file one. In lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court directed us to its September 15, 2016 opinion denying Appellant's amended PCRA petition.

On appeal, Appellant alleges that plea counsel is responsible for his entering an unknowing and involuntary plea. Specifically, Appellant contends that the plea court did not describe the elements of third-degree murder during its colloquy, counsel failed to object to the deficient colloquy, and no one ever explained to him adequately the *mens rea* element of malice. Appellant's Brief at 4, 19-21.

"On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record." **Commonwealth v. Boyer,** 962 A.2d 1213, 1215 (Pa. Super. 2008). Because Appellant challenges the actions of plea counsel, we observe the following.

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [42 Pa.C.S. § 9543(a)(2)(ii),] not the section specifically governing guilty pleas [42 Pa.C.S. § 9543(a)(2)(iii)]."[3] **Commonwealth v. Lynch**, 820 A.2d 728, 730 n.2 (Pa. Super. 2003).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3)

---

[3] Although Appellant's amended PCRA petition relies upon both 42 Pa.C.S. § 9543(a)(2)(ii) and 42 Pa.C.S. § 9543(a)(2)(iii), **see** PCRA petition, 6/29/2013, at ¶¶ 16, 18, Appellant's brief does not contain a single citation to the PCRA or specify the subsection on which Appellant relies. Even if we viewed this claim as a challenge to the voluntariness of Appellant's plea pursuant to 42 Pa.C.S. § 9543(a)(2)(iii), we would not grant relief. For the reasons discussed, *infra*, we would hold that the PCRA court did not err by concluding that Appellant's plea was knowing and voluntary.

Additionally, although Appellant claimed, upon re-direct examination at the PCRA hearing, that he was innocent but pled guilty because the alleged real culprit had threatened him, Appellant is still not entitled to relief pursuant to 42 Pa.C.S. § 9543(a)(2)(iii). Appellant has waived this issue by not developing it as a separate question presented. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Moreover, even if Appellant had not waived this issue, the PCRA court properly found that since Appellant testified under oath during the plea colloquy that no one threatened him to plead guilty, **see** N.T., 11/18/2013, at 8-9, he was bound by this statement. **See Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010)

(internal citations omitted).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-93 (Pa. Super. 2013)

(citations and quotation marks omitted).

Since Appellant focuses on plea counsel's failure to object to the allegedly-defective guilty plea colloquy, we must examine the standard for a satisfactory guilty plea colloquy.

The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware

of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Kpou***, 153 A.3d 1020, 1023-24 (Pa. Super. 2016) (internal citations and quotation marks omitted).

In the instant case, Appellant was charged with criminal homicide pursuant to 18 Pa.C.S. § 2501(a). The criminal information alleged that Appellant "intentionally, knowingly, recklessly or negligently caused the death of another human being" by stabbing the victim multiple times. Criminal Information, 3/13/2013. During the on-the-record colloquy at Appellant's guilty plea hearing, the plea court defined criminal homicide for Appellant. N.T., 11/18/2013, at 5. Although the plea court specified that Appellant was pleading guilty to third-degree murder, the plea court did not elaborate on the elements of third-degree murder. ***Id***. The assistant district attorney then provided the factual basis for plea, noting that if the case proceeded to trial, the Commonwealth would show that Appellant "intentionally, knowingly and/or recklessly cause[d] the death of [the victim], by stabbing him on at least two occasions with a knife." ***Id.*** at 6. The plea court asked Appellant if he admitted to "doing this," and he responded affirmatively. ***Id.*** at 6.

"Our Supreme Court has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." **Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa. Super. 2005) (citations omitted). "[A] trial court may consider a wide array of relevant evidence under this standard in order to determine the validity of a … plea agreement including, but not limited to, … off-the-record communications with counsel…." **Commonwealth v. Allen**, 732 A.2d 582, 589 (Pa. 1999).

Here, Appellant's plea counsel testified at the PCRA hearing that although he did not remember all of the specifics of the conversations, his records indicated that he met with Appellant three times prior to his entry into the guilty plea. N.T., 5/26/2016, at 10. According to plea counsel, he assessed that Appellant potentially could be convicted of first-degree murder due to use of a deadly weapon on a vital part of the body. **Id.** at 11-12. Plea counsel testified that he "went through each of those levels of culpable murder or not culpable by reason of self-defense with [Appellant] very specifically on multiple of those [meetings] in prison, especially [the last meeting], because [he] wanted to make sure that [Appellant] understood what he was giving up and what he was doing by entering this plea." **Id.** at 11. Plea counsel said he was "sure [he] used the word malice" and he

"probably tried to define" malice, but he did it in "real person term[s]" because Appellant is not "overly educated."[4]  *Id.* at 14.  Plea counsel could not recall exactly how he tried to define malice, but he was "quite certain [Appellant] was aware of third degree and what it encompassed."  *Id.* at 15.

The PCRA court found plea counsel's testimony to be credible.  Trial Court Opinion, 9/15/2016, at 22.  The PCRA court noted that Appellant's testimony confirmed that plea counsel met with Appellant several times to discuss the different types of murder and plea counsel explained that malice was a part of third-degree murder.  *Id.*  By contrast, while Appellant testified he did not understand his plea counsel's explanation of third-degree murder, the PCRA court found Appellant's testimony to be "equivocal" and determined that his "bald, unsupported assertion" was "completely devoid of credibility."  *Id.* at 23.  "The law is clear that we are bound by the credibility determinations of the PCRA court, where such findings have support in the record."  *Commonwealth v. Clark*, 961 A.2d 80, 87 (Pa. 2008).

Thus, we conclude that because plea counsel adequately explained the elements of third-degree murder to Appellant prior to the plea, Appellant's claim that plea counsel should have objected to the plea court's failure to

---

[4] *See Commonwealth v. Ludwig*, 874 A.2d 623, 630 (Pa. 2005) ("[M]alice aforethought is the essential distinguishing factor between murder and manslaughter in Pennsylvania."); *Commonwealth v. Truong*, 36 A.3d 592, 598 (Pa. Super. 2012) (quoting *Commonwealth v. Gooding*, 818 A.2d 546, 550 (Pa. Super. 2003)) ("Malice may be inferred from the use of a deadly weapon on a vital part of the victim's body.").

delineate the elements of third degree murder on the record has no merit.[5] Counsel cannot be deemed ineffective in failing to pursue a meritless claim. ***Commonwealth v. Benner***, 147 A.3d 915, 921 (Pa. Super. 2016). Therefore, the PCRA court did not err by dismissing Appellant's PCRA petition due to Appellant's failure to meet his burden in demonstrating plea counsel's ineffectiveness. Accordingly, we affirm the order of the PCRA court denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017

---

[5] Since Appellant failed to demonstrate that the underlying claim has merit, we need not continue with the remainder of the analysis. However, we note that Appellant's claim would fail under the remaining two prongs as well.