J-S38031-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| JAMES MEEK, | : | |
| Appellant | : | No. 1874 WDA 2017 |

Appeal from the PCRA Order November 16, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001940-2015

BEFORE:  BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:

FILED JULY 27, 2018

James Meek (Appellant) appeals from the order entered November 16, 2017, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel has filed a petition to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981).[1]  Upon review, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

---

[1] In this Court, counsel filed an Anders brief seeking to withdraw as counsel on appeal.

A Turner/Finley no-merit letter, however, is the appropriate filing. See Commonwealth v. Turner, [544 A.2d 927 (Pa. 1988)]; Commonwealth v. Finley, [550 A.2d 213 (Pa. Super. 1988)] (en banc). Because an Anders brief provides greater protection to a defendant, this Court may accept an Anders brief

* Retired Senior Judge assigned to the Superior Court.

On October 19, 2016, Appellant entered a negotiated guilty plea to one count each of third-degree murder, robbery, and conspiracy to commit robbery.[2] That same day, the trial court, accepting an agreed-upon sentence, sentenced Appellant to an aggregate term of 20 to 40 years of imprisonment. On October 28, 2016, Appellant timely filed post-sentence motions seeking, inter alia, to withdraw his guilty plea based on averments that his guilty plea was not "knowing, intelligent and voluntary[,]" and was the product of "ineffective assistance of counsel." Post-Sentence Motions, 10/28/2016, at 1 (unnumbered). In January 2017, prior to the disposition of his motions, Appellant filed a motion to withdraw his post-sentence motions asserting that if he still desired to pursue an ineffective assistance of counsel claim, he would file a PCRA petition. Motion to Withdraw Defendant's Post-Sentencing Motions, 1/30/2017, at 1 (unnumbered). The trial court granted Appellant's motion on February 8, 2017.

---

in lieu of a Turner/Finley letter. Commonwealth v. Fusselman, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

Commonwealth v. Widgins, 29 A.3d 816, 817 n.2 (Pa. Super 2011).

[2] Prior to pleading guilty, counsel for Appellant filed a motion to suppress. Appellant later acknowledged in his written guilty plea colloquy that he understood that by pleading guilty he was giving "up the right not only to file pretrial motions, but also [was abandoning or giving] up any pretrial motions already filed and not yet decided and any pretrial motions in which decisions were already made." Guilty Plea, Explanation of Defendant's Rights, 10/19/2016, at 5.

On April 13, 2017, Appellant timely filed a counselled PCRA petition, and an evidentiary hearing was held. By order dated November 16, 2017, the PCRA court denied Appellant's PCRA petition. Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and counsel filed a statement of intent to file an Anders brief pursuant to Pa.R.A.P. 1925(c)(4). In lieu of filing an opinion, the PCRA court directed us to its November 16, 2017 order denying Appellant's PCRA petition.

Before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of Turner and Finley.

> ... Turner/Finley counsel must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of Turner/Finley, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper Turner/Finley request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of Turner/Finley, the

> court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has complied with the technical requirements of Turner and Finley. Therefore, we will consider the substantive issue contained in counsel's brief.

In her brief, counsel states the following question for this Court's review: "Did [Appellant] establish that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of trial counsel, and therefore this Court must find that the [PCRA] court abused its [discretion] in denying relief under the [PCRA]?" Anders Brief at 6 (suggested answer and unnecessary capitalization omitted). Specifically, Appellant contends his plea counsel "did not adequately explain the different degrees of homicide, particularly [s]econd[-d]egree [m]urder, or the possible outcomes, nor did he discuss the quality of the evidence against him, possible constitutional challenges, and strategies and defenses." Anders Brief at 10. This includes counsel's failure to litigate the motion to suppress that was filed prior to the entry of his plea. Id. We consider these claims mindful of the following.

"On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the

record." Commonwealth v. Boyer, 962 A.2d 1213, 1215 (Pa. Super. 2008).

Because Appellant challenges the actions of plea counsel, we observe the

following.

"Allegations that counsel misadvised a criminal defendant in the plea

process are properly determined under the ineffectiveness of counsel

subsection of the PCRA [42 Pa.C.S. § 9543(a)(2)(ii),] not the section

specifically governing guilty pleas [42 Pa.C.S. § 9543(a)(2)(iii)]."[3]

Commonwealth v. Lynch, 820 A.2d 728, 730 n.2 (Pa. Super. 2003).

> It is well-established that counsel is presumed to have
> provided effective representation unless the PCRA petitioner
> pleads and proves all of the following: (1) the underlying
> legal claim is of arguable merit; (2) counsel's action or
> inaction lacked any objectively reasonable basis designed to
> effectuate his client's interest; and (3) prejudice, to the
> effect that there was a reasonable probability of a different
> outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the
> petitioner's evidence fails to meet a single one of these prongs.
> Moreover, a PCRA petitioner bears the burden of demonstrating
> counsel's ineffectiveness.

Commonwealth v. Franklin, 990 A.2d 795, 797 (Pa. Super. 2010) (internal

citations omitted).

> Allegations of ineffectiveness in connection with the
> entry of a guilty plea will serve as a basis for relief
> only if the ineffectiveness caused the defendant to
> enter an involuntary or unknowing plea. Where the

---

[3] With respect to the aforementioned issue, counsel only relies on 42 Pa.C.S. § 9543(a)(2)(ii). See Anders Brief at 9. Regardless, even if we viewed this claim as a challenge to the voluntariness of Appellant's plea pursuant to 42 Pa.C.S. § 9543(a)(2)(iii), we would not grant relief. For the reasons that follow, we would hold that the PCRA court did not err by concluding that Appellant's plea was knowing and voluntary.

> defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

Commonwealth v. Barndt, 74 A.3d 185, 192-93 (Pa. Super. 2013) (citations and quotation marks omitted).

In the instant case, during an on-the-record discussion with counsel, Appellant acknowledged that counsel had: (1) visited Appellant at the Allegheny County Jail, brought along the discovery in his case, and went through the discovery "word by word[;]" (2) went through the elements of first, second, and third-degree murder; (3) discussed the motions that had been filed in front of the trial court prior to the entry of Appellant's plea; and (4) discussed the plea agreement which Appellant accepted. N.T., 10/19/2016/2016, at 11-12. When further questioned by the trial court, Appellant affirmed that the court read the charges as well as the maximum penalties Appellant was facing, that he had the opportunity to talk to counsel about the charges, and that Appellant was not forced, threatened, or promised anything in exchange for his plea. Id. at 8-9. The foregoing was the basis for the PCRA court's denial of Appellant's petition.

> After careful consideration of the [p]etition itself, the Commonwealth's [a]nswer thereto, testimony presented at the

hearing on said [p]etition held this day, and the arguments of counsel that followed, th[e PCRA c]ourt concludes that [Appellant's] trial counsel was not ineffective in either recommending, or counseling [Appellant] with regard to, his guilty plea. Trial counsel was credible and believable in his testimony at the hearing that he duly advised the [Appellant] of all matters necessary for [Appellant] to make a knowing, voluntary and intelligent plea. He testified credibly and believably that [Appellant] appeared to understand all that had been explained to him and that trial counsel had no questions regarding [Appellant's] competence or ability to understand. [Appellant] did not testify credibly regarding trial counsel's explanations of the degrees of murder to him. He stated that second[-]degree murder and its possible sentence of life without possibility of parole had never been explained to him before the plea. However, he testified exactly opposite of this position during his plea colloquy.

Additionally, [Appellant's] claims of the ineffectiveness of trial counsel with regards to the failure to litigate the [m]otion to [s]uppress are meritless. [Appellant] claims that withdrawing the [m]otion to [s]uppress was not reasonably designed to effectuate his interests. However, trial counsel credibly and believably testified that the [m]otion was withdrawn with [Appellant's] approval and in order to accept a plea to third[-]degree murder, thereby eliminating the possibility of a second[-]degree murder conviction and its penalty of life in prison with no possibility of parole. [Appellant] acknowledged [at the PCRA hearing] that he gave consent to trial counsel to withdraw the [m]otion.

Trial Court Order, 11/16/2017, at 1-2 (unnumbered).

The court's determination is supported by the record. During Appellant's guilty plea and sentencing hearing, Appellant relayed that he was apprised of the elements of the various degrees of murder; acknowledged he discussed the plea agreement with counsel and signed the written guilty plea colloquy, in which he, inter alia, indicated that he understood that by pleading guilty, he was abandoning any pretrial motions already filed; and relayed to the trial

court upon further examination that he was not coerced, forced, or promised anything in exchange for pleading guilty. N.T., 10/19/2016, at 7-9, 12.

"A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." Commonwealth v. Brown, 48 A.3d 1275, 1277 (Pa. Super. 2012).

Additionally, the PCRA court found that plea counsel testified credibly at the PCRA hearing. Specifically, counsel testified that he advised Appellant on the nature of the charges and the plea bargain; that Appellant understood the defenses he was giving up by pleading guilty; that he had discussed Appellant's case and the "potential resolution[,]" with Appellant eight to ten times; and that Appellant was aware that a plea of guilty would result in the withdrawal the suppression motion that was filed previously. N.T., 11/16/2017, at 1-6.[4] "The law is clear that we are bound by the credibility determinations of the PCRA court, where such findings have support in the record." Commonwealth v. Clark, 961 A.2d 80, 87 (Pa. 2008).

> To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea. The concept of examining the totality of the circumstances surrounding a plea in order to determine whether a plea was voluntarily, knowingly, and intelligently entered, is well established. … Indeed, as the law makes clear, a trial court may consider a wide array of relevant evidence under this standard in

---

[4] Notably, at the PCRA hearing, Appellant acknowledged that plea counsel sought and received Appellant's consent to withdraw the motion to suppress. N.T., 11/16/2017, at 8.

order to determine the validity of a claim and plea agreement including, but not limited to, transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements.

Commonwealth v. Allen, 732 A.2d 582, 588–89 (Pa. 1999) (citation and footnote removed).

In light of the foregoing, we agree with PCRA counsel that based upon the PCRA court's findings and the record which supports them, Appellant's contention that plea counsel's ineffectiveness caused him to enter an unknowing and involuntary plea has no merit.[5] Therefore, the PCRA court did not err by dismissing Appellant's PCRA petition due to Appellant's failure to meet his burden in demonstrating plea counsel's ineffectiveness. Accordingly, we affirm the order of the PCRA court denying his PCRA petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2018

---

[5] Since we have determined that Appellant's underlying claim has no merit, we need not continue with the remainder of the analysis. "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of th[e three] prongs." Commonwealth v. Martin, 5 A.3d 177, 183 (Pa. 2010).