J-S38039-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT BENSON EDWARDS | : | |
| | : | |
| Appellant | : | No. 126 WDA 2018 |

Appeal from the PCRA Order December 11, 2017
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001847-2016

BEFORE: BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED AUGUST 27, 2018**

Robert Benson Edwards (Appellant) appeals from the order entered December 11, 2017, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In 2016, Appellant robbed a jewelry store after threatening the owner with intimations that he had a gun. He was charged with the following crimes: (1) one count of first-degree felony robbery in violation of 18 Pa.C.S. § 3701(a)(1)(ii); (2) one count of third-degree felony theft in violation of 18 Pa.C.S. § 3921(a); (3) two counts of third-degree felony receiving stolen property in violation of 18 Pa.C.S. § 3925; and (4) one count of second-degree misdemeanor simple assault in violation of 18 Pa.C.S. § 2701(a)(3). The maximum aggregate sentence a defendant can receive for these crimes is 43 years.

* Retired Senior Judge assigned to the Superior Court.

On August 2, 2016, Appellant and the Commonwealth entered into a negotiated plea agreement. In exchange for Appellant's guilty plea, the Commonwealth agreed to *nolle pros* the simple assault and theft charges, and to reduce the robbery charge to a second-degree felony. Appellant and the Commonwealth agreed that Appellant would plead guilty to one count of robbery pursuant to 18 Pa.C.S. § 3701(a)(1)(iv), for which Appellant would receive a sentence of 4 to 20 years' incarceration, and two counts of receiving stolen property, for which Appellant would receive a sentence at each count of 2 to 7 years' incarceration to be served concurrently with the sentence for robbery. Appellant pled guilty, and the trial court sentenced Appellant in accordance with the plea agreement. Appellant did not file a post-sentence motion or direct appeal.

By order entered August 15, 2016, which was within the timeframe permitted by 42 Pa.C.S. § 5505 (regarding modification of orders within 30 days after its entry and prior to the filing of an appeal), the trial court amended its sentencing order and reduced Appellant's maximum sentence for the robbery count from 20 to 10 years. The trial court explained in the order that the amendment was "necessary because [the robbery count] is a felony of the second degree, carrying a maximum legal sentence of [ten] years." Trial Court Order, 8/15/2016, at 1.

On June 28, 2017, Appellant timely filed a *pro se* PCRA petition, his first, alleging, *inter alia*, that his negotiated sentence was illegal; his plea

- 2 -

counsel rendered ineffective assistance of counsel by negotiating a plea with an illegal sentence; and the trial court erred by modifying his sentence without notice to Appellant or without Appellant being present.[1]   Statement of Facts attached to PCRA Petition, 6/28/2017, at 1-2.   Appellant averred that the reduction in the sentence was the result of collusion between the trial court, the Commonwealth's attorney, and his plea counsel, and claims he did not know about the modification until February 2017.   **Id.** at 2. Appellant requested that the PCRA court vacate his plea and sentence. PCRA Petition, 6/28/2017, at 5.

The PCRA court appointed counsel to represent Appellant.   Counsel filed a petition to withdraw accompanied by a no-merit letter pursuant to **Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant filed a response objecting to counsel's petition to withdraw, which he later supplemented with permission of the PCRA court.   Appellant also filed *pro se* a petition to amend his PCRA petition along with an amended

---

[1] The August 15, 2016 sentencing order states that the court entered the order modifying Appellant's sentence "upon motion of the Commonwealth and with the consent of the attorney for the defendant." **Id.**  No written motion from the Commonwealth appears of record.   It is possible the Commonwealth made an oral motion, but the PCRA court referred to the order as being entered *sua sponte*, further confusing matters.   Amended Rule 907 Notice, 11/13/2017, at 3-6.

PCRA petition.[2] In the amended PCRA petition, Appellant, *inter alia*, averred that the plea colloquy was defective because it did not inform him of the maximum sentence he was facing, causing him to enter an unknowing plea. Amended PCRA Petition, 10/6/2017, at 1-2. He also averred that his plea counsel did not inform him of the maximum sentence for a second-degree felony, and this failure, in addition to plea counsel's failure to object to the plea colloquy, constituted ineffective assistance of counsel. ***Id.***

The PCRA court issued an initial and then amended notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, concluding that (1) the plea colloquy satisfied the requirements of Pa.R.Crim.P. 590; (2) Appellant was sentenced to an illegal sentence in excess of the statutory maximum, but the trial court properly corrected the sentence within the timelines set forth in 42 Pa.C.S. § 5505; (3) plea counsel was ineffective for allowing Appellant to plead guilty to an illegal sentence, but Appellant is not entitled to relief because his sentence ultimately was reduced; therefore, he has not suffered any prejudice by counsel's ineffective representation; and (4) despite plea counsel's ineffectiveness, Appellant entered a knowing and

---

[2] Amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice," but must be made at the direction or by leave of the PCRA court. Pa.R.Crim.P. 905(A); ***Commonwealth v. Porter***, 35 A.3d 4, 12 (Pa. 2012). Here, the PCRA court never expressly provided leave to amend the petition. Nevertheless, the PCRA court implicitly permitted Appellant to amend his petition by addressing the new claims in its ruling. ***See Commonwealth v. Brown***, 141 A.3d 491, 503-04 (Pa. Super. 2016); Amended 907 Notice, 11/13/2017, at 2.

voluntary plea because the plea colloquy and guilty plea petition were satisfactory. Amended Rule 907 Notice, 11/13/2017, at 3-6.

Appellant did not file a response to the Rule 907 notice, and on December 11, 2017, the PCRA court dismissed Appellant's petition without an evidentiary hearing and granted counsel's petition to withdraw. Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925, and Appellant did not file one. In lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court directed us to its November 13, 2017 opinion accompanying its Rule 907 notice.

On appeal, Appellant raises four issues:

(1)   Was [plea] counsel ineffective in negotiating a plea bargain to an [illegal] sentence?

(2)   [Was] the plea colloquy defective and [did it] fail to meet the standards of law?

(3)   Did [the] trial court [err] in arbitrarily altering Appellant[']s sentence?

(4)   Did [the] trial court abuse its discretion in failing to vacate Appellant[']s guilty plea?

Appellant's Brief at 3 (capitalization altered; trial court's answers omitted; reordered for ease of disposition).

"On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the

- 5 -

record." ***Commonwealth v. Boyer,*** 962 A.2d 1213, 1215 (Pa. Super. 2008).

Appellant makes the following arguments on appeal: (1) that his plea counsel gave him erroneous advice to enter into a plea agreement to avoid a maximum sentence that the trial court never had the authority to impose; (2) the plea colloquy at his plea hearing was deficient because it did not inform him of the minimum and maximum sentences he faced; (3) the trial court improperly modified his sentence outside of Appellant's presence and without the notice to Appellant required by 42 Pa.C.S. § 5505;[3] and (4) upon learning that the parties mutually agreed to an illegal sentence, the trial court should have vacated Appellant's plea and sentence instead of modifying the sentence. Appellant's Brief at 9-14. He also alleges derivative claims that his plea counsel was ineffective for not addressing the trial courts' errors alleged in issues two through four, and his PCRA counsel was ineffective by seeking to withdraw under ***Turner/Finley*** instead of litigating the claims he raises on appeal. ***Id.***

---

[3] Section 5505 provides: "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

In his third issue, Appellant simply argues he was entitled to notice for the sake of receiving notice; he does not specify what the trial court should have done in lieu of reducing his sentence. Presumably, he wishes to vacate his plea, as he argues in his fourth issue.

With respect to his arguments regarding the trial court's alleged errors in issues two through four, generally, claims of trial court error, other than those enumerated in 42 Pa.C.S. § 9543(a)(2)(i-viii),[4] are not cognizable under the PCRA. Furthermore, Appellant could have raised these issues on

---

[4] Subsection 9543(a)(2) provides that to be eligible for relief, the petitioner must plead and prove that the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2)(i)-(viii).

direct appeal, but he failed to do so. *See* 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove … [t]hat the allegation of error has not been previously litigated or waived."). Thus, Appellant's claims of trial court error are both not cognizable and waived. *See Commonwealth v. Spotz*, 18 A.3d 244, 270 (Pa. 2011).

We now turn to Appellant's claims that his plea counsel was ineffective for giving him flawed advice in the plea process, and his related claims that plea counsel was ineffective for not addressing the trial court errors alleged in issues two through four.[5]

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [(42 Pa.C.S. § 9543(a)(2)(ii)),] not the [sub]section

---

[5] Appellant has failed to develop as separate issues his claims regarding the ineffectiveness of his PCRA counsel in not pursuing issues one through four and the ineffectiveness of his plea counsel in not addressing the trial court errors alleged in issues two through four. He also has failed to set forth a fully developed analysis of these claims in his brief. We could find such claims to be waived. *See* Pa.R.A.P. 2116(a); 2119(a). Notwithstanding Appellant's failure to comply with our rules of appellate procedure, we will address such claims on the merits, as his noncompliance does not substantially impede our appellate review.

specifically governing guilty pleas [(42 Pa.C.S. § 9543(a)(2)(iii))]."

***Commonwealth v. Lynch***, 820 A.2d 728, 730 n.2 (Pa. Super. 2003).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010)

(internal citations omitted).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> **Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial.** The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 192-93 (Pa. Super. 2013)

(citations and quotation marks omitted; emphasis added).

There is no question that plea counsel's advice to enter into a plea

with an agreed-upon sentence that exceeded the statutory maximum "fell

below the range of competence demanded of attorneys in criminal cases."
***Commonwealth v. Kelley***, 136 A.3d 1007, 1014 (Pa. Super. 2016).
However, Appellant bore the burden of pleading and proving all three prongs
of the test for ineffectiveness. Thus, Appellant was required to plead and
prove prejudice by alleging that it was reasonably probable that, but for
counsel's errors, he would not have pled guilty and would have gone to trial.
Because Appellant did not assert prejudice in the first instance before the
PCRA court, the claims he raises on appeal regarding the ineffective
assistance of his plea counsel during the plea process fail as a matter of law.

Further, even if he had properly pled his claims, Appellant would not
be able to prove that he was prejudiced by plea counsel's actions. All of
Appellant's issues stem from the same faulty premise: that notwithstanding
his eventual sentence reduction, his counsel rendered "unsound advice to
plead guilty under the threat of a sentence that the [t]rial [c]ourt had no
authority to impose[, which] influenced [Appellant] into making a grave and
erroneous decision to plead guilty." Appellant's Brief at 9. In other words, it
appears that Appellant is arguing that had he known that he was facing only
ten years versus twenty for the robbery charge, he would have negotiated
the plea agreement differently or taken his chances at trial. ***See id.***

However, Appellant's contention that he pled guilty to avoid a twenty-
year sentence that the trial court did not have authority to impose simply is
incorrect. The Commonwealth initially charged Appellant with first-degree

felony robbery, which carried a twenty-year maximum sentence. *See* 18 Pa.C.S. § 3701(b) (specifying that a violation of subsection 3701(a)(1)(ii) is a felony of the first degree); 18 Pa.C.S. § 1103(1) (providing for a 20 year maximum sentence for first-degree felonies). Appellant's 4 to 20 year sentence was illegal only because the crime to which he actually pled guilty was downgraded to a second-degree felony. *See* 18 Pa.C.S. § 3701(b) (specifying that a violation of subsection 3701(a)(1)(iv) is a felony of the second degree); 18 Pa.C.S. § 1103(2) (providing for a 10 year maximum for second-degree felonies).

Thus, when plea counsel advised Appellant of his potential 20-year exposure on the robbery charge prior to the plea, Appellant was in fact facing a possible 20-year sentence on that charge. Accordingly, Appellant was faced with a decision between going to trial on all five charges and the potential of a maximum aggregate sentence of 43 years versus taking a plea on two charges, including the reduced grading of the robbery count, and receiving an aggregate maximum sentence of twenty years. Had plea counsel recognized that the plea agreement included an illegal sentence, Appellant still would have been facing the potential of 43 years. Appellant ultimately received a sentence that was lower than the one he negotiated when the trial court corrected its mistake. Thus, Appellant's issues regarding plea counsel's representation of him in connection with his plea fail due to lack of prejudice.

Furthermore, there is no merit to Appellant's assertion that the trial court should have vacated his plea. Unlike the cases cited by Appellant, there is no basis to withdraw Appellant's guilty plea because the plea negotiations were not tainted by misinformation about a maximum sentence. *See, e.g.*, *Commonwealth v. Lenhoff*, 796 A.2d 338 (Pa. Super. 2002) (holding that when considering a motion to withdraw a plea, the court should examine whether the defendant pled guilty to avoid a maximum sentence which, by law, could not have been imposed). Thus, plea counsel was not ineffective for failing to raise this meritless claim. *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.").

Because all of Appellant's claims fail, it follows that PCRA counsel was not ineffective for withdrawing pursuant to *Turner/Finley* instead of pursuing these meritless claims.

Based on the foregoing, the PCRA court did not err by dismissing Appellant's PCRA petition. Therefore, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2018

- 12 -